IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE R. ARNOLD,<br>    Petitioner<br><br>    v.<br><br>PENNA PAROLE BOARD, et al.,<br>    Respondents | No. 1:24-cv-00837<br><br>(Judge Kane) |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2254 through which pro se Petitioner Dale R. Arnold ("Arnold"), a convicted state inmate serving a life sentence imposed in 1982, seeks to challenge a purported decision by the Pennsylvania Board of Probation and Parole ("Parole Board") to deny him parole. He also raises additional claims for habeas relief and ultimately seeks his release from incarceration. Arnold has also filed: (1) a motion for appointment of counsel; (2) a "Motion in Support [of] Complaint"; (3) a "Motion for Finalization" in which he appears to claim that he is entitled to the relief sought in his habeas petition because Respondents have not responded to it yet; (4) a motion for summary judgment; (5) a motion for "Permission to Proceed Statement [sic] of the Amount of Damages"; and (6) a motion for "Permission to Proceed for Judicial Review." For the reasons set forth below, the Court will dismiss the Section 2254 petition, deny as moot Arnold's motion for appointment of counsel, and deem his other motions withdrawn due to his failure to file a supporting brief in accordance with this Court's Local Rules.

I.    BACKGROUND

In 1981, a jury sitting in the Court of Common Pleas of Bradford County found Arnold guilty of first-degree murder, theft, and kidnapping. See Commonwealth v. Arnold, 480 A.2d 1066, 1070 (Pa. Super. Ct. 1984); Commonwealth v. Arnold, No. CP-08-CR-0001026-1980

(Bradford Cnty. Ct. Com. Pl. filed Feb. 9, 1990) (showing convictions).[1]  In May 1982, the trial judge imposed a sentence of life imprisonment.  See Arnold, 480 A.2d at 1070.  Arnold appealed from his judgment of sentence to the Superior Court of Pennsylvania, which affirmed this judgment on June 29, 1984.  See id. at 1080.  It appears that Arnold then sought discretionary relief from the Pennsylvania Supreme Court, which the Court denied.  See Arnold v. Frank, No. 00-cv-00775 (M.D. Pa. filed Apr. 28, 2000), ECF No. 1 at 2 (indicating that Arnold filed petition for allowance of appeal with Pennsylvania Supreme Court, which was denied).  Arnold's subsequent collateral-relief challenges in the Pennsylvania state courts were unsuccessful.  See id. (listing Arnold's unsuccessful attempts to obtain post-conviction collateral relief in Pennsylvania state courts).

Arnold first sought federal habeas relief by filing a Section 2254 petition on April 28, 2000.  See id.  Judge J. Andrew Smyser, now retired, issued a report recommending that Arnold's petition be denied because four (4) of his five (5) claims lacked merit and the remaining claim was procedurally defaulted.  See id., ECF No. 43.  Although Arnold filed Objections to the Report and Recommendation, see id., ECF No. 44, this Court overruled those Objections, adopted the Report and Recommendation, and dismissed the habeas petition.  See id., ECF No. 47.  The Court later denied Arnold's request for a certificate of appealability.  See id., ECF No. 50.  Arnold then filed an appeal to the Third Circuit Court of Appeals, see id., ECF No. 51, which denied his application for a certificate of appealability.  See Arnold v. Frank, No. 02-4112 (3d Cir. filed May 12, 2003).

---

[1] The Court takes judicial notice of the state court's docket sheet in Arnold's criminal case, which is available through the Unified Judicial System of Pennsylvania Web Portal at the following website: https://ujsportal.pacourts.us/CaseSearch.

Arnold filed another Section 2254 petition with this Court on November 1, 2022.[2] See Arnold v. Warden of SCI-Benner Twp., No. 1:22-cv-01944 (M.D. Pa. filed Nov. 1, 2022). After reviewing the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court ordered Arnold to show cause why the Court should not dismiss the petition as untimely. See id., ECF No. 6. Arnold filed a response to the Order, see id., ECF. No. 7, and the Court ultimately dismissed the petition as untimely and declined to issue a certificate of appealability. See id., ECF Nos. 8, 9. Arnold then filed a motion for reconsideration, see id., ECF No. 10, which this Court denied through a Memorandum and Order, see id., ECF Nos. 13, 14. Arnold appealed from this decision to the Third Circuit, see id., ECF No. 16, which ultimately denied Arnold's request for a certificate of appealability, see id., ECF No. 18.

While Arnold's appeal in his second Section 2254 action was pending before the Third Circuit, he filed the instant habeas petition, along with, inter alia, a motion for appointment of counsel, a "Concise Statement of Facts," and a "Motion in Support [of] Complaint." (Doc. Nos. 1, 5, 6, 7.) The petition, which is forty-eight (48) pages in length, is not only very difficult to read, but also consists of a rambling narrative, references to irrelevant legal doctrines and principles, nonsensical legal arguments, and references to facts that have nothing to do with the claims in the habeas petition. See (id. at 1–48).

Nevertheless, as best the Court can discern, Arnold appears to primarily claim in his habeas petition that the Parole Board wrongfully denied him parole. See (id. at 1–18, 45, 48).

---

[2] Although the Court did not receive the petition until December 8, 2022, it is deemed filed on November 1, 2022, because Arnold included a letter with the petition seemingly showing that he provided the petition to prison authorities to mailing to the Clerk of Court on that date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk").

The Court has also construed Arnold's habeas petition as containing the following additional claims for habeas relief: (1) his trial counsel was ineffective when he had Arnold agree to a shorter term for a life sentence which Arnold has never received; (2) he received an unlawfully lengthy sentence; (3) he has experienced unlawful conditions of confinement; and (4) the statute under which he was sentenced is unconstitutionally vague. See (id. at 1–18). Overall, he believes that his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution have been violated. (Id. at 1, 4.)

Regarding these habeas claims, Arnold alleges that the Parole Board denied him parole when it purportedly informed him that "life means life imprisonment." See (id. at 18). He asserts that an agreement was reached regarding his sentence when both the "Bradford County Court Staff and [his] attorneys" told him that "life in Penna. is 10-to-12 years in prison, 15 years if you are a bad ass." See (id. at 2, 3). According to Arnold, this information constituted "[a] stipulation of facts, agreements, [and] promises," which "must be enforced"; yet, forty-four (44) years later, he remains incarcerated in state prison. See (id. at 2). In support of his claim that an agreement was reached, he relies on "the Famous Bill Cosby Case," where the Pennsylvania Supreme Court purportedly determined that "deals, contracts, agreements, [and] a promise from years ago," must be upheld. See (id. at 3).

Additionally, Arnold contends that in Commonwealth v. Miller, 275 A.3d 530 (Pa. Super. Ct. 2022), the Pennsylvania Superior Court "ruled" that life in Pennsylvania "is 35 years" because that is the statutory minimum for first-degree murder. See (id.). He also believes the Pennsylvania General Assembly "intended that life imprisonment . . . in 1979–1980, was one day to 10 years." See (id. (internal quotation marks and emphasis omitted)). Because of these allegedly different notions of the number of years of incarceration which constitute a life

4

sentence, Arnold appears to argue that the statute under which he was sentenced to life imprisonment is unconstitutionally vague. (Id. at 3, 4.) Based on the above claims, Arnold seeks his immediate release from incarceration and dismissal of his criminal charges. (Id. at 48.)

On August 26, 2024, Arnold filed a "Motion for Finalization." See (Doc. No. 9). In this motion, which is very difficult to read, Arnold appears to assert that he is entitled to the relief he sought in his habeas petition because Respondents should have filed a response to his petition by now and have not done so. See (id. at 1). On September 4, 2024, Arnold filed a motion for summary judgment (Doc. No. 10), and then approximately a month later filed a statement of facts in support of the motion (Doc. No. 11). He also filed a motion for "Permission to Proceed Statement [sic] of the Amount of Damages" (Doc. No. 12) and a motion for "Permission to Proceed for Judicial Review" (Doc. No. 15).

## II. DISCUSSION

### A. Arnold's Habeas Petition

The Court has screened this matter pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and has determined that it plainly appears that Arnold's habeas petition should be dismissed because (1) the Court lacks jurisdiction over all but one of Arnold's habeas claims and (2) his primary argument—that he was wrongfully denied parole—is frivolous. See R. 4, 28 U.S.C. foll. § 2254 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[3] The Court addresses these deficiencies with Arnold's petition in turn.

---

[3] Although Arnold does not reference the statute upon which he is seeking habeas relief, a state prisoner's challenge to the denial of parole must be brought under Section 2254. See Coady v. Vaughn, 251 F.3d 480, 485–86 (3d Cir. 2001) (explaining that although federal prisoner

5

1.  **Subject-Matter Jurisdiction over Certain Claims**

As pointed out above, this is not Arnold's first habeas proceeding. Among the various arguments Arnold makes in his current habeas petition are arguments relating to, inter alia, a purported agreement about the term of his life sentence, ineffective assistance of his counsel, the vagueness of the statute under which he was sentenced, and the conditions of his confinement.[4] (Doc. No. 1 at 2–5, 10–11, 14–19, 45, 48.) Thus, through this habeas petition, Arnold is challenging his underlying conviction and sentence in Bradford County yet again. Accordingly, the instant petition is subject to the second or successive habeas petition authorization requirements of 28 U.S.C. § 2244(b).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a petitioner cannot file a second or successive petition for habeas corpus relief in a district court without first seeking and receiving approval from the appropriate court of appeals. See 28 U.S.C. §

---

challenging denial of parole must seek habeas relief under 28 U.S.C. § 2241, a state prisoner challenging denial of parole must proceed under Section 2254). Also, while a Pennsylvania state prisoner filing a habeas petition under Section 2254 is ordinarily required to fully exhaust their state-court remedies prior to filing the habeas petition, a state prisoner challenging the denial of parole on constitutional grounds, other than asserting an ex post facto claim, is not required to exhaust state-court remedies prior to filing a habeas petition. See DeFoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005); see also Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012) (stating that "to the extent there has been any shift in Pennsylvania law, we cannot comfortably say that it is clear enough to alter our decision in DeFoy"). Although some district courts in the Third Circuit have questioned "[t]he continuing validity of DeFoy," see Begandy v. Pa. Bd. of Prob. and Parole, No. 19-cv-00639, 2021 WL 1986415, at *4 (W.D. Pa. May 18, 2021) (citing Bradley v. Wingard, No. 15-cv-00235, 2017 WL 11476608, at *2 (W.D. Pa. Oct. 12, 2017), report and recommendation adopted, 2018 WL 10150909 (W.D. Pa. Sept. 5, 2018)), it remains binding precedent on this Court.

[4] While unconstitutional conditions-of-confinement claims are typically raised in a civil rights action brought under 42 U.S.C. § 1983 (as discussed in more detail infra), the Third Circuit has allowed a prisoner to seek habeas release based on the conditions of their confinement in "extreme cases." See Hope v. Warden York County Prison, 972 F.3d 310, 324 (3d Cir. 2020) (citing Ali v. Gibson, 572 F.2d 971, 975 n.8 (3d Cir. 1978), superseded by statute on other grounds as recognized by Callwood v. Enos, 230 F.3d 627, 633 (3d Cir. 2000)).

2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005) ("As a procedural matter, § 2244(b)(3)(A) establishes a 'gatekeeping' mechanism that requires a prospective applicant to 'file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.'" (quoting Felker v. Turpin, 518 U.S. 651, 657 (1996))).  If the petitioner fails to first obtain approval from the appropriate court of appeals, a district court lacks subject-matter jurisdiction to consider the second or successive habeas petition.  See Burton v. Stewart, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his . . . 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

"Section 2244 . . . does not define what constitutes a 'second or successive' petition." Benchoff, 404 F.3d at 816; see also Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires [the procedure of first obtaining authorization from a court of appeals before filing a second or successive application], it does not define what is meant by 'second' or 'successive.'" (alteration to original)).  Nonetheless, "'a prisoner's application is not second or successive simply because it follows an earlier federal petition.'"  See Benchoff, 404 F.3d at 817 (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 643 (1998) ("This may have been the second time that respondent had asked the federal courts to provide relief on his Ford claim, but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b).").  If, however, "a prisoner has filed a previous habeas petition that was adjudicated on the merits, [they] may

7

not file a second or successive petition in the district courts without first seeking leave from the Court of Appeals." See In re Stitt, 598 F. App'x 810, 811 n.1 (3d Cir. 2015) (unpublished). In addition, the second or successive "doctrine . . . bar[s] claims that could have been raised in an earlier habeas corpus petition" but were not raised by the petitioner. See Benchoff, 404 F.3d at 817 (emphasis added) (citations omitted).

After reviewing the instant habeas petition, the Court concludes that it is a successive habeas petition insofar as Arnold's initial habeas petition was adjudicated on the merits.[5] As indicated above, Arnold cannot file this successive petition seeking habeas corpus relief without first seeking and receiving approval from the Third Circuit. See Benchoff, 404 F.3d at 817. Arnold has neither sought nor obtained an order from the Third Circuit allowing this Court to consider the merits of his habeas claims. Accordingly, this Court does not have subject-matter jurisdiction to consider them. See 28 U.S.C. § 2244(b)(3)(A); Robinson v. Johnson, 313 F.3d 128, 139–40 (3d Cir. 2002) (explaining that section 2244 "limits the authority of the district court to consider second or successive petitions without an order of the court of appeals").

If "a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or

---

[5] Even though one of Arnold's claims in his first habeas petition was procedurally defaulted, a procedural default determination still qualifies as an adjudication on the merits. See United States v. Fake, 416 F. App'x 134, 136 (3d Cir. 2011) (unpublished) (explaining, in the context of a habeas petition under 28 U.S.C. § 2255, that "[t]he denial of a claim for habeas relief as procedurally defaulted constitutes a determination on the merits"); Carter v. United States, 150 F.3d 202, 205–06 (2d Cir. 1998) (concluding that "a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA," and joining other circuit courts reaching the same conclusion); Thomas v. Little, No. 21-cv-02159, 2022 WL 4585835, at *3 (M.D. Pa. Sept. 29, 2022) (determining that denial of original habeas petition because of procedurally defaulted claims constituted decision on merits for purposes of determining whether subsequent petition was second or successive petition under Section 2244(b)).

transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." See Robinson, 313 F.3d at 139; 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."). When determining whether to transfer a habeas action to the court of appeals, the district court should "consider whether the petitioner alleges sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision." See Lee v. Lane, No. 15-cv-02195, 2017 WL 3167410, at *3 (M.D. Pa. June 23, 2017) (citations omitted), report and recommendation adopted, 2017 WL 3158853 (M.D. Pa. July 25, 2017); Hatches v. Schultz, 381 F. App'x 134, 137 (3d Cir. 2010) (unpublished) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." (citation omitted)).[6]

---

[6] The relevant habeas provision in this case is 28 U.S.C. § 2244(b)(2), which provides as follows:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

See 28 U.S.C. § 2244(b)(2).

Here, because only some of Arnold's claims in his habeas petition constitute claims in a second or successive habeas petition, dismissal is the only proper outcome for these claims because the interests of justice do not warrant the Court transferring the petition to the Third Circuit. None of Arnold's non-Parole Board claims involve a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[7] See 28 U.S.C. § 2244(b)(2)(A). Moreover, Arnold does not credibly allege that "the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence," id. § 2244(b)(2)(i), or even attempted to identify any new evidence.[8] While this Court expresses no opinion about the merits of Arnold's non-Parole Board claims, see Hatches, 381 F. App'x at 137 ("[T]his inquiry as to the factual predicate of Hatches' claims did not require—and the District Court did not express—any opinion on the merits of the claims."), the Court finds that the interests of justice do not warrant transferring this matter to the Third Circuit. Accordingly, the Court will dismiss Arnold's asserted grounds for habeas relief, other than his contention that he was wrongfully denied parole, without prejudice for lack of subject-matter jurisdiction.[9]

---

[7] Although Arnold claims that the Superior Court of Pennsylvania in Commonwealth v. Miller, 275 A.3d 530 (Pa. Super. Ct. 2022) clarified the meaning of a life sentence in Pennsylvania, Miller is not a "new rule of constitutional law" and has not been "made retroactive to cases on collateral review by the Supreme Court." See 28 U.S.C. § 2244(b)(2)(A).

[8] While Arnold claims that he did not know the factual predicate of his claim relating to parole until the time that the Parole Board purportedly denied him parole (Doc. No. 1 at 7, 18), it does not lead to a determination that he only recently learned of the factual predicates for his other claims as well.

[9] Even outside of Rule 4 of the Rules Governing Section 2254 Petitions in the United States District Courts, this Court can raise issues concerning the Court's subject-matter jurisdiction sua sponte. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Ruhrgas AG v. Marathon Oil Co., 526

### 2. Habeas Claim Pertaining to the Wrongful Denial of Parole

Arnold contends that the Parole Board wrongfully denied him parole when it told him that "life means life imprisonment" on April 8, 2024. See (Doc. No. 1 at 18). As already explained, Arnold may challenge the denial of parole under Section 2254. See Coady, 251 F.3d at 486. When addressing a challenge to the denial of parole, the district court may not grant parole or determine parole eligibility; instead, "[t]he only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." See Ordiway v. PA Bd. of Parole, No. 24-cv-00741, 2024 WL 2214694, at *2 (M.D. Pa. May 15, 2024) (quoting Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 944 (2d Cir. 1976)); see also Bridge v. U.S. Parole Comm'n, 981 F.2d 97, 105 (3d Cir. 1992) (explaining that "the appropriate judicial remedy when an agency exceeds its discretion is a remand to the agency for further proceedings consistent with the court's opinion" (citing Fed. Power Comm'n v. Idaho Power Co., 344 U.S. 17, 20 (1952))).

Although Arnold may generally challenge a denial of parole, the problem with his contention about the denial of parole in this case is that he bases this purported denial on a response to an Inmate's Request to Staff Member form ("Request") he submitted while at SCI Benner Township on April 1, 2024. (Doc. No. 1-1 at 1.) Arnold appears to believe that because he directed the Request to the "Penna. Parole Board," the response he received was from the Parole Board. However, any such belief is entirely unreasonable because the Request and the response to the Request show that (1) Arnold did not submit a request for parole, (2) the Parole

---

U.S. 574, 583–84 (1999) (explaining that courts have independent obligation to determine whether subject-matter jurisdiction exists, even in absence of challenge from any party).

11

Board did not deny a request for parole, and (3) the individual who responded to the Request, staff member "Fishbaine," did not do so on behalf of the Parole Board.  See (id.).  In this regard, Arnold stated the following in his Request:

> Sir,
>
> I have been in prison on a life sentence since 1980.  44 years.  I was told by a law library worker that life in Penna. prison is now 35 years.  Com. v. Miller, PICS Case No. 22-0593 (Pa. Super. May 2022).
>
> Am I now eligible for parole?
>
> Please send me your response.

See (id.).  This Request is not an application for parole and, even if it was, Arnold's Request only sought a response as to whether he was eligible for parole, not whether he would or would not be paroled, even if the implications of the response meant that he could not be paroled.  (Id.) Additionally, the response to the Request, which is dated April 8, 2024, stated, "Arnold, [l]ife means life imprisonment.  No possibility for parole."  See (id.).  This response does not constitute a denial of parole.  Lastly, the staff member who responded to the Request, "Fishbaine," does not identify themselves as a member of the Parole Board.  Rather, it very much appears that "Fishbaine" is merely a staff member at SCI Benner Township, the location where Arnold is incarcerated and where he submitted his Request.  Cf. Pollard v. Ferguson, No. 18-cv-01381, 2021 WL 674243, at *1 (M.D. Pa. Feb. 22, 2021) (explaining that, in a civil rights lawsuit, plaintiff named as defendant CO Dylan Fishbaine, an employee at SCI Benner Township).  In fact, the response section of the Request is "for Staff Response Only" (Doc. No. 1-1 at 1), and the Parole Board is not a part of the "Staff" of SCI Benner Township.

Overall, the Court finds that this is a frivolous attempt by Arnold to conjure a habeas claim, and bypass the requirements needed for authorization to file a second or successive

Section 2254 petition, by using a SCI Benner Township staff-member's response to his Request as the basis for habeas relief. Accordingly, the Court will dismiss Arnold's habeas claim based on a purported denial of parole.

### 3. Certificate of Appealability

A court should only issue a certificate of appealability ("COA") if "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

See id. Here, the Court concludes that jurists would find not the issues discussed above concerning whether Arnold's non-Parole Board habeas claims are actually unauthorized second or successive habeas petition claims to be debatable. Furthermore, jurists would not find that this Court's assessment of Arnold's claim concerning the purported denial of parole to be debatable or wrong. Accordingly, the Court will not issue a COA.

### B.     Arnold's Motions

Arnold's motion for appointment of counsel (Doc. No. 5) is moot insofar as the Court will dismiss his habeas petition.[10] As for his other motions (Doc. Nos. 7, 9, 10, 12, 15), Arnold

---

[10] Even if the Court did not deny this motion as moot, it would still be denied because Arnold cannot pass the threshold question for appointment of counsel insofar as his Parole-Board-related habeas claim, the only claim over which this Court has jurisdiction, wholly lacks merit. See

13

never filed a brief in support of them as required by the Court's Local Rules and the time for him to do so has long passed. See M.D. Pa. L.R. 7.5 ("Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion.").[11]  Therefore, the Court will deem those motions withdrawn. See id. ("If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.").[12]

## III.   CONCLUSION

For the reasons discussed above, the Court will dismiss Arnold's Section 2254 habeas petition, deny his motion for appointment of counsel as moot, and deem withdrawn his other motions. The Court will not issue a COA. An appropriate Order follows.

          s/ Yvette Kane
          Yvette Kane, District Judge
          United States District Court
          Middle District of Pennsylvania

---

Montgomery v. Pinchak, 294 F.3d 492, 498–99 (3d Cir. 2002) (citations omitted) (explaining that the threshold inquiry the court must consider when deciding whether to appoint counsel is whether the litigant's case has some arguable merit in fact and law).

[11] Arnold did not need to file a brief in support of his motion for appointment of counsel. See id. ("A brief shall not be required . . . (c) [i]n support of a motion for appointment of counsel.").

[12] In some of these motions, Arnold mentions monetary damages. See, e.g., (Doc. No. 15 at 1 (requesting $50 million in damages)). To the extent that Arnold intended to file a civil rights action, he needs to file a separate complaint because monetary damages are not recoverable in a habeas corpus action.